J-S05020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFAEL R. SANCHES, JR., | : | |
| | : | |
| Appellant | : | No. 855 WDA 2014 |

Appeal from the Judgment of Sentence Entered April 15, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0001914-2013.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:          **FILED SEPTEMBER 17, 2015**

Appellant, Rafael R. Sanches, Jr., appeals from the judgment of sentence entered on April 15, 2014, in the Court of Common Pleas of Erie County.  Appellant's counsel has filed a petition seeking to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the factual and procedural history of this case as follows:

> On or about March 22, 2013, a Confidential Informant ("CI") provided information to the City of Erie police that there

was going to be a delivery of 10.6 pounds of marijuana to the CI's home at 823 Washington Place in Erie later that same day. According to the CI, Appellant and a co-conspirator, Ricardo Melendez-Angulo, were to deliver the marijuana. Appellant would be driving a blue Chevrolet Impala.

The police set up surveillance and observed Appellant drive a blue Impala to the rear of the CI's residence. Ricardo Melendez-Angulo, who owned the vehicle, was in the passenger seat.

The vehicle was seized and towed to the Erie Police Department. A search warrant was obtained and the vehicle was searched with the aid of a drug-sniffing dog. In the trunk of the vehicle, the police found a garbage bag containing a box of sandwich bags, a box of one-gallon zip-lock bags, a digital scale and eleven one-gallon bags each containing approximately ten and one-half pounds of marijuana, with a street value of $24,600 to $49,208.

Appellant was charged with one count each of Criminal Conspiracy (to commit Possession with Intent to Deliver Marijuana); Possession with Intent to Deliver; Possession of a Controlled Substance; Possession of Drug Paraphernalia; and Criminal Use of Communication Facility (use of cell phone to arrange a drug delivery).[1] *Criminal Information, July 23, 2013.*

> [1] 18 Pa.C.S.A. §903/35 P.S. §780-113(a)(30); 35 P.S. §780-113(a)(30); 35 P.S. §780-113(a)(16); 35 P.S. §780(a)(32); and 18 Pa.C.S.A. §7512(a), respectively. It is noted the original sentencing Order erroneously listed Count 1 as Possession with Intent to Deliver. The sentencing Order was corrected to reflect Count 1 is Criminal Conspiracy (to commit Possession with Intent to Deliver).

On September 9, 2013, Appellant filed a Petition for Writ of Habeas Corpus alleging the Commonwealth did not establish a prima facie case as all relevant information the police received was from the CI who did not testify at the preliminary hearing. The only Commonwealth witnesses were two police officers whose testimony was based solely on hearsay. After a hearing

on October 1, 2013, Judge Connelly denied the Petition for Writ of Habeas Corpus by Order dated October 4, 2013.

Appellant filed an Omnibus Motion for Pretrial Relief seeking to suppress the evidence. After a hearing, Judge Connelly denied the motion to suppress the evidence by Opinion and Order dated November 26, 2013.

Appellant and the Commonwealth entered into a negotiated plea agreement[1] whereby Appellant would plead guilty to all five counts. In return, the Commonwealth would reduce the weight of the marijuana to 9.9 pounds for sentencing and waive the mandatory minimum at Count Two, Possession with Intent to Deliver. Appellant pled guilty to the five counts on January 15, 2014. Appellant was sentenced on April 15, 2014 as follows:

| | |
|---|---|
| Count One: | 15 to 30 months of incarceration concurrent with Docket Numbers 1271/1272 of 1998 (Lehigh County); |
| Count Two: | 15 to 30 months of incarceration consecutive to Count One; |
| Count Three: | Merged with Count 2; |
| Count Four: | 12 months of probation concurrent with Count 5; and |
| Count Five: | 36 months of probation consecutive to Count 2. |

On April 23, [2014], Appellant filed a Motion to Modify/Reconsider Sentence seeking to have the sentence at Count Two imposed concurrently rather than consecutively. The

---

[1] We note that Appellant has not waived his right to appeal the discretionary aspect of his sentence raised on appeal because Appellant has not challenged an aspect of his sentence that was agreed upon during the negotiation process. **Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa. Super. 1994).

> Motion to Modify was denied by Order on April 23, 2014. Appellant [*pro se*] timely filed a Notice of Appeal on May 22, 2014, and a Concise Statement of Matters/Errors Complained of on Appeal on June 3, 2014.

Trial Court Opinion, 7/3/14, at 1-3.

On appeal, this Court remanded the matter to the trial court for appointment of appellate counsel. ***Commonwealth v. Sanches***, 855 WDA 2014, \_\_\_ A.3d \_\_\_ (Pa. Super., filed February 18, 2015) (unpublished memorandum at 7). Counsel was directed to file a Pa.R.A.P. 1925(b) statement on Appellant's behalf. ***Id.*** The trial court was directed to file an opinion pursuant to Pa.R.A.P. 1925(a), and the parties were directed to file briefs. ***Id.***

Counsel was appointed and timely filed a Pa.R.A.P. 1925(b) statement on April 2, 2015. On April 7, 2015, the trial court entered an order stating that because the sole issue raised in the Pa.R.A.P. 1925(b) statement had been addressed by the trial court's opinion dated and filed July 3, 2014, there was no need for an additional opinion. The record reflects that counsel filed a brief on June 26, 2015, and on June 30, 2015, filed an application to withdraw as counsel. The Commonwealth filed a letter entered July 30, 2015, indicating its position that a response was not necessary and declining to file a responsive brief in this matter.

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we first must resolve

-4-

J-S05020-15

appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious examination of the record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably

-5-

supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the history of this case, outlines pertinent case authority, and cites to the record. Further, the brief sets forth counsel's conclusion that the appeal is frivolous, and counsel's reasons for that conclusion. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Accordingly, we address the following issue raised in the **Anders** brief:

Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

Appellant's Brief at 3.

Appellant argues that the trial court abused its discretion in imposing the sentence in this case. Specifically, Appellant contends that the sentence imposed was harsh and excessive in light of the factors which should have been considered by the sentencing court. Thus, counsel is purporting to present a challenge to the discretionary aspects of Appellant's sentence.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be

considered to be a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)).

In ***Commonwealth v. Reeves***, 778 A.2d 691 (Pa. Super. 2001), we reaffirmed the principle articulated in ***Commonwealth v. Jarvis***, 663 A.2d 790 (Pa. Super. 1995), wherein this Court observed that, although Pa.R.Crim.P. 1410 (presently Rule 720) characterizes post-sentence motions as optional, the rule expressly provides that only issues raised in the trial court will be deemed preserved for appellate review. ***Id.*** at 692. Applying this principle, the ***Reeves*** Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or

during the sentencing proceedings. *Id.; see also Commonwealth v. Parker*, 847 A.2d 745, 752 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Initially, we conclude that the first requirement of the four-part test is met because Appellant brought this direct appeal in a timely manner following the imposition of sentence. However, our review of the record reflects that Appellant did not meet the second requirement because he did not raise his current challenge in a post-sentence motion[2] or at the time of sentencing. Therefore, we are constrained to conclude that Appellant's issue is waived, and we are precluded from addressing the merits of this issue on appeal.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

---

[2] While Appellant filed a timely motion to modify/reconsider sentence, in that motion Appellant failed to raise the issue presented on appeal. In fact, the relevant paragraph provides as follows: "Undersigned counsel believes that the sentence rendered by the Court in this matter was fair and just. However, undersigned counsel is respectfully requesting that the Court to [sic] reconsider the [Appellant's] sentence and modify it to run counts 1 and 2 concurrent as opposed to consecutive." Motion to Modify/Reconsider Sentence, 4/23/14, at ¶ 7.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015